Kerr Steamship Company, Inc., Appellant, v. Chartered Bank of India, Australia and China, Respondent.

First Department, June 22, 1943.

*Elkan Turk* of counsel (*Herman M. Brauner* and *George Gaskill* with him on the brief; *Herman Goldman,* attorney), for appellant.

*Harold W. Bissell* of counsel (*William C. Cannon* and *Ewen C. MacVeagh* with him on the brief; *Davis Polk Wardwell Gardiner & Reed,* attorneys), for respondent.

DORE, J. On November 28, 1941, plaintiff procured from defendant documents in the form of demand drafts to pay to the order of Roosevelt Steamship Agency, Inc., in Manila, Philippine Islands, 37,000 Philippine pesos. The documents (original and duplicate) were drawn by defendant bank as drawer, through its New York office upon the same bank as drawee, at its Manila office. On the same date, plaintiff sent to Manila what is called the first of exchange (payable while the second was unpaid) by air mail and the second of exchange by ordinary mail. On that date air mail and regular mail were in operation between New York and Manila. Defendant on the same date sent to its Manila office advices of the draft directing the Manila office to debit its New York office with the 37,000 pesos.

The documents undelivered at destination were returned to plaintiff and defendant in New York because war between the United States and Japan rendered impossible delivery or presentation to defendant's Manila office either by the Roosevelt Steamship Agency, Inc., or any holder. Such hostilities ousted defendant from its Manila office so that it could not have made payment even if the originals had been presented. It is stipulated that this condition with respect to transmission, presentation and payment still exists.

On or about March 17, 1943, plaintiff returned to defendant the original and duplicate draft and demanded repayment of the sum of $18,437.10 paid defendant, less any reasonable charge

defendant might make for issuance and expenses incurred. Thereafter defendant returned the documents to plaintiff denying liability to repay; plaintiff then returned them to defendant insisting on repayment; and after a series of such transfers, plaintiff notified defendant it held the documents at its risk and disposal.

Plaintiff, electing to rescind, sued in rescission and for money had and received. Notwithstanding the numerous issues apparently raised by the pleadings, the facts are not in dispute and are established chiefly by stipulated admissions. Defendant admits that plaintiff has never received any part of the money it paid defendant on the issuance of the documents and that the bank has not changed its position by reason of the transaction.

Defendant contends and the Special Term held, that the transaction of November 28, 1941, was a purchase by plaintiff and a sale by defendant of a draft or negotiable instrument without any qualifying conditions, thus effecting an executed transaction not subject to rescission; that defendant as drawer is still obligated according to the tenor of the instrument; that presentment for payment is still to be made at the place specified; and that the only effect of war is to excuse presentment or payment until suspension of communication ends.

Under the provisions of section 210 of the Negotiable Instruments Law, a bill of exchange is an order in writing addressed " by one person to another; " under section 214 when the drawer and drawee in such bill are the same person, the holder may treat the instrument at his option " either as a bill of exchange or a promissory note." (See *Pavenstedt* v. *N. Y. Life Ins. Co.*, 203 N. Y. 91, 95.) It is conceded that here the drawer and the drawee are the same persons. Plaintiff is accordingly entitled to treat the document as a promissory note. It is also conceded that defendant has not changed its position by reason of the transaction, e. g., as by buying pesos at the November, 1941, rate or otherwise. No third party has any intermediate obligation as is the case where a true draft is drawn upon a drawee who is not also the drawer; nor does any third party hold any intermediate or other claim against defendant. All the documents were returned to defendant, there was nothing outstanding on which liability against it could be predicated. Defendant still has the $18,437.10 plaintiff paid. War has made impossible performance of defendant's primary obligation and defendant's Philippine office has been taken from it and closed. The documents cannot be forwarded, presented or paid in accordance with their terms. There is complete

failure of consideration. On this record if plaintiff does not obtain rescission, the documents may never be paid and clearly were not paid within the interval contemplated by the agreement.

Cases relied on by defendant in which the drawer and the drawee were distinct and separate persons, or in which the drawer changed his position to his detriment, are clearly distinguishable. *Gravenhorst* v. *Zimmerman* (236 N. Y. 22), on which defendant especially relies, is by analogy at least in plaintiff's favor. That case involved a transfer of German marks in March, 1917, by wireless from defendant here to a designated payee at a designated bank in Berlin, Germany. By reason of World War I the marks were not placed to the credit of the payee until January, 1920. The Court of Appeals reversed summary judgment in plaintiff's favor on the ground that there were issues of fact, but overruled the contention that there was an executed sale. The court did say, by way of dicta, that a true draft is the symbol or equivalent of money as it is. But the court obviously had in mind a draft in which the drawer and the drawee are (as the sender and the payee were in the *Gravenhorst* case) separate and distinct persons. In such case when the draft is issued nothing remains to be done by the drawer that is executory in character. In this case the document was drawn by the drawer on itself and the drawer was still required to keep its promise to provide the credit and to make payment. Rescission and restitution to plaintiff of the money paid defendant do not injure defendant; whereas unless compelled to make restitution defendant is unjustly enriched.

The order appealed from should be reversed, with twenty dollars costs and disbursements to the plaintiff, defendant's motion for summary judgment should be denied and plaintiff's motion for summary judgment granted.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, defendant's motion for summary judgment denied and plaintiff's motion for summary judgment granted.